UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

RUSSELL A. LENTZ,                               :
      Petitioner                              :
                                              :
   v.                                       : CIVIL NO. 3:CV-05-0721
                                              :
COUNTY OF CUMBERLAND, PAROLE     : (Judge Kosik)
DEPARTMENT,                                  :
      Respondent

## MEMORANDUM and ORDER

### Background

     Russell A. Lentz, an inmate currently confined at the Cumberland County Prison, Pennsylvania, filed this habeas corpus petition pursuant to 28 U.S.C. § 2254 on April 11, 2005. He seeks leave to proceed in forma pauperis (Doc. 4) in this matter. Named as respondent is the Cumberland County Parole Department. In the petition Lentz challenges the revocation of his parole. While the petition is sparse on detail, the gist of the allegations are that on March 11, 2005, Lentz was detained by his parole officer for an alleged violation of parole. It appears it may have been a violation regarding the use of an unauthorized vehicle while on parole. According to Lentz, he was provided with a parole revocation hearing on March 22, 2005. He claims that during this hearing his due process rights were violated because he was not first afforded a "Gagnon I" hearing prior to the revocation hearing. Lentz also contends that he was found to be a technical parole violator on facts that were unsubstantiated and based upon testimony that was never given under oath. As such, he seeks to have the revocation of his parole dismissed with prejudice.

For the reasons that follow, the request to proceed in forma pauperis in this matter will be granted, but the petition will be denied without prejudice for failure to exhaust state court remedies.

**Discussion**

The instant petition must be dismissed for failure to exhaust state court remedies. It is well established that a federal court may not entertain the merits of a petition for writ of habeas corpus unless available state court remedies have been exhausted. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842-45 (1999). The exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts. Id.; Barnhart v. Kyler, 318 F. Supp.2d 250, 256 (M.D. Pa. 2004). All claims must have been fairly presented to each level of the state courts. Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000). The habeas petitioner bears the burden of proving exhaustion of all available state remedies. Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).

In the case of a parole violator, such as petitioner, he must first challenge the Board's decision by filing an administrative appeal, see 37 Pa. Code § 73.1(b)(1)[1], then by an appeal to the Pennsylvania Commonwealth Court, and then by a petition to the Pennsylvania Supreme Court for allowance of appeal. See McMahon v. Pennsylvania Board of Probation & Parole,

---

[1] Title 37 Pa. Code § 73.1(b)(1) provides that "[p]etitions for administrative review shall be received by the Board's Central Office within 30 days of the mailing date of the Board's determination."

504 Pa. 240, 470 A.2d 1337 (1983); <u>Evans v. Pennsylvania Dep't of Corr</u>., 713 A.2d 741 (Pa. Commw. 1998); <u>St. Clair v. Pennsylvania Board of Probation and Parole</u>, 493 A.2d 146 (Pa. Commw. 1985).

Based upon the facts and dates set forth in the petition, it is clear that Lentz has not exhausted his revocation of parole claims through the state courts. He clearly states that the hearing itself was just conducted on March 22, 2005, and therefore, he obviously did not receive notice of any decision until after that point. There is no indication that Lentz filed an administrative appeal or, if he did, took any appeal therefrom to a higher state court. Based upon the dates provided in the petition, there is no indication that he is unable at this point to exhaust his remedies with regard to the claims set forth in the instant petition. <u>See</u> generally <u>Cuttillo v. Pennsylvania Bd. of Probation and Parole</u>, Civil Action No. 1:CV-04-0053, slip op. at 2-3 (June 10, 2004)(Caldwell, J.).

**ACCORDINGLY, THIS 25th DAY OF APRIL, 2005, IT IS HEREBY ORDERED THAT:**

1. The application to proceed <u>in forma pauperis</u> (Doc. 4) is granted.

2. The petition for writ of habeas corpus is dismissed without prejudice for failure to exhaust state court remedies.

s/Edwin M. Kosik
United States District Judge

3